# EXHIBIT  1

FILED: NEW YORK COUNTY CLERK 02/10/2017 11:10 AM    INDEX NO. 151328/2017
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 02/10/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY NEW YORK
-----------------------------------------------------X
RAFFICK MOHAMMED, on behalf of   :    Index No:
himself and all others similarly situated,  :    Date Filed:
                              :
        Plaintiff,         :    SUMMONS
                              :
    -against-           :
                              :
UNIVERSAL PROTECTION SERVICE, :
LLC,                          :
                              :
        Defendant.      :
-----------------------------------------------------X

To:    Universal Protection Service, LLC
       199 Water Street, Suite 3010
       New York, NY 10038

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to
serve a copy of your answer on the Plaintiff's attorneys within twenty (20) days after the
service of this Summons, exclusive of the date of service, where service is made by
delivery upon you personally within the State, or within thirty (30) days after completion
of service where service is made in any other manner. In case of your failure to appear or
to answer, judgment will be taken against you by default for the relief demanded in the
complaint.

        Plaintiff designates New York County as the place of trial.

        The basis for venue is Defendant's place of business.

Dated: February 6, 2017
       Roslyn, New York

                THE LAW FIRM OF LOUIS GINSBERG, P.C.
                Attorneys for Plaintiff
                1613 Northern Boulevard
                Roslyn, NY 11576
                (516) 625-0105

FILED: NEW YORK COUNTY CLERK 02/10/2017 11:10 AM

NYSCEF DOC. NO. 1

INDEX NO. 151328/2017

RECEIVED NYSCEF: 02/10/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------X

**RAFFICK MOHAMMED, on behalf of himself**
**and all others similarly situated,**

                     **Plaintiff,**

        **-against-**

**UNIVERSAL PROTECTION SERVICE,**
**LLC,**

                **Defendant.**

------------------------------------------------------------X

Index No.:
Date Filed:

**COMPLAINT**
**JURY TRIAL DEMANDED**

       Plaintiff Raffick Mohammed ("Plaintiff"), on behalf of himself and all others similarly

situated, upon personal knowledge as to himself and upon information and belief as to others, by

and through his undersigned counsel, alleges for his Complaint as follows:

## NATURE OF ACTION

1.    Plaintiff brings this action on behalf of himself and all other similarly situated non-

exempt hourly paid security guards ("Security Guards") employed by Universal Protection

Service, LLC ("Universal") or ("Defendant") in the State of New York at any time during the

period commencing six (6) years prior to the filing of this action and continuing until such

further date as the practices complained of are discontinued (the "Class Period"). As described

below, Defendant by virtue of its management and control over the wages and work of its

Security Guards is classified as an "employer" under New York Labor Law ("NYLL") §190(3).

2.    As particularized below, Defendant has engaged and continues to engage in illegal and

improper wage practices. These practices include: (a) requiring Security Guards to perform

work without compensation after the end of their shift; (b) failing to pay Security Guards at their

straight or agreed upon rate for all hours worked under forty (40) hours in a week; (c) failing to

1

FILED: NEW YORK COUNTY CLERK 02/10/2017 11:10 AM          INDEX NO. 151328/2017
NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 02/10/2017

pay Security Guards overtime of time and one-half their regular rate of pay for all hours worked over forty (40) in a week; (d) paying Security Guards non-discretionary bonuses and not including such amount in calculating their overtime rate of pay; and (e) failing to provide accurate wages statements.

## PARTIES

3.    Plaintiff Raffick Mohammed resides in Bronx County, New York.  Plaintiff was, throughout his entire employment with Defendant, a covered, non-exempt employee within the meaning of the NYLL.  As such, Plaintiff was, and is, entitled to be paid in full for all hours worked.

4.    Defendant employed Plaintiff and has an office at 199 Water Street, Suite 3010, New York, New York 10038.  Defendant maintained control, oversight, and direction over Plaintiff and the similarly situated Security Guards regarding time keeping, payroll, and other employment practices applicable to them.

## CLASS ACTION ALLEGATIONS

5.    Plaintiff brings this action on his own behalf and as a class action pursuant to CPLR Article 9 of a Class consisting of:

> All current and former Security Guards who worked for Defendant in the State of New York during the Class Period and who (a) were not compensated for all work performed after the end of their shift; (b) were not paid their straight or agreed upon rate for all hours worked under forty (40) hours in a week; (c) were not paid overtime of time and one-half their regular rate of pay for all hours worked over forty (40) in a week; (d) were paid a non-discretionary bonus and such amount was not included in the calculation of their overtime rate of pay; and (e) were not provided accurate wage statements.   (collectively the "Class" or "Class Members").

6.    Excluded from the Class are the Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Class Period

2

FILED: NEW YORK COUNTY CLERK 02/10/2017 11:10 AM

NYSCEF DOC. NO. 1

INDEX NO. 151328/2017

RECEIVED NYSCEF: 02/10/2017

has had, a controlling interest in Defendant, and all persons who submit timely and otherwise proper requests for exclusion from the Class.

7.    During the Class Period, upon information and belief, the Defendant employed in excess of forty (40) Security Guards and systematically failed and refused to pay them for all compensable hours worked.  The Class Members are so numerous that joinder of all members in one proceeding is impracticable.

8.    Plaintiff's claims are typical of the claims of other Class Members because other non-exempt hourly Security Guards were not compensated for all work performed.  Plaintiff and other Class Members have sustained similar types of damages as a result of the Defendant's failure to comply with the NYLL.  Plaintiff and other Class Members have been injured in that they have been uncompensated or under-compensated due to the Defendant's common policies, practices, and patterns of conduct.

9.    Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained counsel competent and experienced in complex class action and wage and hour litigation.  There is no conflict between the Plaintiff and Class.

10.    Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

11.    Common questions of law and fact exist as to the Class that predominate over any questions solely affecting them individually and include, but are not limited to, the following:

3

FILED: NEW YORK COUNTY CLERK 02/10/2017 11:10 AM
NYSCEF DOC. NO. 1

INDEX NO. 151328/2017
RECEIVED NYSCEF: 02/10/2017

a.    Whether the Defendant failed and/or refused to pay Plaintiff and the Class for work performed after the end of their shift;

b.    Whether the Defendant failed and/or refused to pay Plaintiff and the Class for all hours worked under forty (40) in a week at the straight or agreed upon rate;

c.    Whether the Defendant failed and/or refused to pay Plaintiff and the Class overtime of time and one-half their regular rate of pay for all hours worked over forty (40) in a week;

d.    Whether the Defendant failed to properly include non discretionary bonuses paid to Plaintiff and other Class Members in the calculation of their overtime rate of pay;

e.    Whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members as required by New York Labor Law § 190 *et seq.* and 650 *et seq.*;

f.    Whether the Defendant failed to comply with the posting and notice requirements of the NYLL;

g.    Whether the Defendant failed to provide Plaintiff and the Class Members with accurate statements with every payment of wages, listing accurate gross wages, deductions and accurate net wages as required by New York Labor Law § 195(3);

h.    Whether the Defendant engaged in a pattern and/or practice of forcing, coercing, and/or permitting Plaintiff and Class Members to perform work for Defendant's benefit which was not compensated;

i.    Whether the Defendant's policy or practice of failing to pay workers was instituted willfully or with reckless disregard of the law;

4

FILED: NEW YORK COUNTY CLERK 02/10/2017 11:10 AM

NYSCEF DOC. NO. 1

INDEX NO. 151328/2017

RECEIVED NYSCEF: 02/10/2017

> j.   The nature and extent of class-wide injury and the measure of damages of those injuries; and
>
> k.   Whether the Defendant should be enjoined from such violations of the NYLL in the future.

12.   Class action treatment is superior to any alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. Individual Class Members' damages are inadequate to justify the costs of prosecuting their claims in any manner other than a class action.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  Class Members are readily identifiable from the Defendant's records.

13.   Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for the Defendant.

14.   Without a class action, Defendant would retain the benefit of its wrongdoing and will continue a course of action that will result in further damages to Plaintiff and the Class.

15.   Plaintiff intends to send notice to all members of the Class to the extent required by Article 9 of the CPLR.

## FACTS

16.   Plaintiff was employed by Defendant from on or about July, 23 2009 until on or about December 12, 2016.  During his employment with Defendant, Plaintiff was a security guard.

5

FILED: NEW YORK COUNTY CLERK 02/10/2017 11:10 AM

NYSCEF DOC. NO. 1

INDEX NO. 151328/2017

RECEIVED NYSCEF: 02/10/2017

Defendant promised to pay hourly wages to Plaintiff for his work. Plaintiff's last hourly wage was approximately $12.00.

17.    Plaintiff and other Class Members were required by Defendant to work after the end of their shift without compensation. Such work performed without compensation after the end of their shift included, but was not limited to, checking people coming into the building, patrolling the outside of the building and patrolling the inside of the building. From on or about July 23, 2009 until in or around March of 2016 Plaintiff was typically scheduled to work five (5) days per week and had a scheduled shift of 7 a.m. to 3 p.m. This meant that Plaintiff was scheduled to work forty (40) hours per week during this time. From in or around March of 2016 until on or about December 12, 2016, Plaintiff was typically scheduled to work five (5) days per week and had a scheduled shift of 8 a.m. to 12 p.m. This meant that Plaintiff was scheduled to work twenty (20) hours per week during this time. Plaintiff would also at times pick up additional shifts.

18.    Plaintiff typically performed work uncompensated for ten (10) minutes to twenty (20) minutes after approximately one (1) to two (2) of his scheduled shifts when scheduled to work from 7 a.m. to 3 p.m. Thus, because of Defendant's improper compensation policies, Plaintiff was deprived of between ten (10) to forty (40) minutes of overtime per week for work done after his shift.

19.    Plaintiff typically performed work uncompensated for five (5) to twenty (20) minutes after approximately five (5) of his scheduled shifts when scheduled to work from 8 a.m. to 12 p.m. Thus, because of Defendant's improper compensation policies, Plaintiff was deprived of between twenty-five (25) minutes to one (1) hour and forty (40) minutes of straight time per week for work done after his shift.

6

FILED: NEW YORK COUNTY CLERK 02/10/2017 11:10 AM

INDEX NO. 151328/2017

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 02/10/2017

20.     For example, during the week of August 8, 2014 to August 14, 2014 Plaintiff worked more than forty (40) hours and was not paid for all of the overtime worked.  Plaintiff worked about forty (40) hours and forty (40) minutes that same week and was not paid for forty (40) minutes of overtime.

21.     In addition, Plaintiff and other Security Guards were paid non-discretionary bonuses pursuant to defendant's written "Anniversary Bonus Program".  Under this Program, Security Guards who "completed one full year of continuous service" and who worked at least an average of fifteen (15) hours per week were automatically paid a type of longevity bonus.  Yet, these non-discretionary bonuses were not included in the calculation of the overtime rate of pay for Plaintiff and other Security Guards.  This resulted in the overtime rate of pay being incorrectly low.

22.     Defendant also failed to provide accurate wage statements to Plaintiff and the similarly situated Security Guards.

### AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST THE DEFENDANT FOR NONPAYMENT OF WAGES IN VIOLATION OF THE NEW YORK LABOR LAW
#### (On behalf of Plaintiff and the Class)

23.     Plaintiff incorporates paragraphs 1-22 as if fully rewritten herein.

24.     Pursuant to New York Labor Law §§ 190 *et seq.* including but not limited to, 190, 191, 193, 198, and 663(1), the Defendant has willfully failed to pay the straight or agreed upon wages due as set forth in the preceding paragraphs of this Complaint to Plaintiff and the Class in violation of New York Labor Law §§ 190 *et seq.* including but not limited to, 190, 191, 193, 198, and 663(1).

25.     The Defendant was not and is not permitted by state or federal law or by order of a court of competent jurisdiction, to withhold or divert any portion of the Plaintiff's and the Class' wages that concern this lawsuit.

26.     The Defendant was not authorized by Plaintiff or, upon information and belief, any Class

7

FILED: NEW YORK COUNTY CLERK 02/10/2017 11:10 AM

NYSCEF DOC. NO. 1

INDEX NO. 151328/2017

RECEIVED NYSCEF: 02/10/2017

Members to withhold, divert, or deduct any portion of their unpaid wages which are the subject of this lawsuit.

27. Pursuant to New York Labor Law § 198, employers such as the Defendant who intentionally fail to pay hourly employees wages in conformance with New York Labor Law shall be liable to the hourly employees for the wages that were intentionally not paid, and court costs and attorneys' fees incurred in recovering the unpaid wages.

28. The Defendant has violated the NYLL by failing to pay Plaintiff and the Class Members for all compensable time and by failing to pay Plaintiff and the Class Members for the straight or agreed upon wages worked at the established rate.

29. Plaintiff, on behalf of himself and the Class, seeks the amount of underpayments based on the Defendant's failure to pay straight or agreed upon wages for all hours worked as provided by the NYLL, as well as reasonable attorney's fees and costs of the action, and such other legal and equitable relief as the Court deems just and proper.

30. Plaintiff does not seek liquidated damages under the NYLL on behalf of the Class but reserves his right to do so.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST THE DEFENDANT FOR NONPAYMENT OF OVERTIME IN VIOLATION OF THE NEW YORK LABOR LAW
### (On behalf of Plaintiff and the Class)

31. Plaintiff incorporates paragraphs 1-30 as if fully rewritten herein.

32. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations 12 NYCRR 142-2.2 apply to Defendant and protect Plaintiff and the Class Members.

33. Defendant has failed to pay Plaintiff and the Class Members overtime wages to which they are entitled under the New York Labor Law and the supporting New York State Department

8

FILED: NEW YORK COUNTY CLERK 02/10/2017 11:10 AM

NYSCEF DOC. NO. 1

INDEX NO. 151328/2017

RECEIVED NYSCEF: 02/10/2017

of Labor Regulations.

34.     By Defendant's knowing and/or intentional failure to pay Plaintiff and the Class Members overtime wages for hours worked in excess of forty (40) hours in a week, Defendant has willfully violated New York Labor Law §§ 190 *et seq.* including but not limited to, 190, 191, 193, 198, New York Labor Law §§ 650 *et. seq.*, and the supporting New York State Department of Labor Regulations.

35.     Due to Defendant's violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendant their unpaid overtime wages, attorneys' fees, costs, and pre-judgment and post-judgment interest.

36.     Plaintiff does not seek liquidated damages under the NYLL on behalf of the Class but reserves his right to do so.

**AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION AGAINST THE DEFENDANT FOR THE IMPROPER CALCUATION OF OVERTIME PAY IN VIOLATION OF THE NEW YORK LABOR LAW**
**(On behalf of Plaintiff and the Class)**

37.     Plaintiff incorporates paragraphs 1-36 as if fully rewritten herein.

38.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations 12 NYCRR 142-2.2 apply to Defendant and protect Plaintiff and the Class Members.

39.     Defendant has failed to pay Plaintiff and the Class Members overtime wages to which they are entitled under the New York Labor Law and the supporting New York State Department of Labor Regulations.

40.     By Defendant's knowing and/or intentional failure to pay Plaintiff and the Class Members overtime wages at the proper rate, Defendant has willfully violated New York Labor Law §§ 190, *et. seq.* including but not limited to, §§190, 191, 193, 198, New York Labor Law §§ 650 *et. seq.*, and the supporting New York State Department of Labor Regulations.

9

FILED: NEW YORK COUNTY CLERK 02/10/2017 11:10 AM    INDEX NO. 151328/2017
NYSCEF DOC. NO. 1                                     RECEIVED NYSCEF: 02/10/2017

41.    Due to Defendant's violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendant their unpaid overtime wages, attorneys' fees, costs, and pre-judgment and post-judgment interest.

42.    Plaintiff does not seek liquidated damages under the NYLL on behalf of the Class but reserves his right to do so.

## AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION AGAINST THE DEFENDANT FOR FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS IN VIOLATION OF THE NEW YORK LABOR LAW
### (On behalf of Plaintiff and the Class)

43.    Plaintiff incorporates paragraphs 1-42 as if fully rewritten herein.

44.    Defendant has willfully failed to supply Plaintiff and the Class Members, as required by NYLL, Article 6, § 195(3) with an accurate statement with every payment of wages, listing accurate gross wages, deductions and accurate net wages.

45.    Through its knowing or intentional failure to provide Plaintiff and the New York Class members with the accurate wage statements required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

46.    Due to Defendant's willful violation of NYLL, Article 6, § 195(3), Plaintiff and the Class Members are entitled to damages of two hundred and fifty dollars for each day that Defendant failed to provide Plaintiff and the Class Members with an accurate wage statement, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, seeks the following relief against the Defendant:

10

FILED: NEW YORK COUNTY CLERK 02/10/2017 11:10 AM    INDEX NO. 151328/2017

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 02/10/2017

(a)    Certification of the Class as described herein under CPLR Article 9 and appointing Plaintiff as representative of the Class and Plaintiff's counsel as Lead Counsel for the Class;

(b)    An Award for the amount of the Plaintiff's and Class Members' unpaid straight or agreed upon wages, unpaid overtime, underpaid overtime and pre- and post-judgment interest as allowed by law;

(c)    An award to Plaintiff and the Class Members of damages for each workday that Defendant failed to provide Plaintiff and the Class members with an accurate wage statement, or a total of $5,000 per Class Member, as provided by the NYLL;

(d)    An award of declaratory and injunctive relief as the Court deems necessary and proper to prevent against future violations of New York Labor Law;

(e)    An award to Plaintiff and the Class Members of reasonable attorneys' fees and costs pursuant to New York Labor Law; and

(f)    An award to Plaintiff and the Class Members of such further relief as this Court deems just and proper.

Dated:    February 6, 2017
         Roslyn, New York

Respectfully submitted,

THE LAW FIRM OF
LOUIS GINSBERG, P.C.

By:    _____
       Louis Ginsberg, Esq.
       1613 Northern Boulevard
       Roslyn, N.Y. 11576
       (516) 625-0105 X. 18
       Attorneys for Plaintiff and the
       putative New York Class

11

FILED: NEW YORK COUNTY CLERK 03/07/2017 02:04 PM
NYSCEF DOC. NO. 2

INDEX NO. 151328/2017
RECEIVED NYSCEF: 03/07/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

RAFFICK MOHAMMED, on behalf of himself and all
others similarly situated,

Plaintiff,

-against-

UNIVERSAL PROTECTION SERVICE, LLC,

Defendant.

Index No. 151328/2017

**DEFENDANT'S ANSWER
TO PLAINTIFF'S
COMPLAINT**

Defendant Universal Protection Service, LLC ("Defendant" or "Universal"), by and

through its undersigned counsel, as and for its Answer to the Complaint ("Complaint") of Plaintiff

Raffick Mohammed ("Plaintiff") in the above-captioned action, alleges as follows:

### NATURE OF ACTION

1.      Defendant denies the allegations contained in Paragraph 1 of the Complaint, except

admits that Plaintiff purports to bring claims as set forth therein.  Paragraph 1 of the Complaint

also states legal conclusions to which no responsive pleading is required.  To the extent a response

is required, Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2.      Defendant denies the allegations contained in Paragraph 2 of the Complaint.

### PARTIES

3.      Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 3 of the Complaint concerning Plaintiff's current

residence.  Paragraph 3 of the Complaint also states legal conclusions to which no responsive

pleading is required.  To the extent a response is required, Defendant denies the allegations

FILED: NEW YORK COUNTY CLERK 03/07/2017 02:04 PM

INDEX NO. 151328/2017

NYSCEF DOC. NO. 2                                                RECEIVED NYSCEF: 03/07/2017

contained in Paragraph 3 of the Complaint except admits that Plaintiff was an employee of Universal.

4.      Paragraph 4 of the Complaint states legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendant admits it employed Plaintiff and that it has an office at 199 Water Street, Suite 3010, New York, New York 10038.  Defendant denies the remaining allegations in Paragraph 4 of the Complaint, and further denies that this action is appropriately maintained as a Class Action.

## CLASS ACTION ALLEGATIONS

5.      Defendant denies the allegations contained in Paragraph 5 of the Complaint, and denies that this action is appropriately maintained as a Class Action.

6.      Defendant denies the allegations contained in Paragraph 6 of the Complaint, and denies that this action is appropriately maintained as a Class Action.

7.      Paragraph 7 of the Complaint states legal conclusions concerning allegedly numerous Class Members and the impracticality of joinder, *i.e.*, a legal conclusion, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 7 of the Complaint, and further denies that this action is appropriately maintained as a Class Action.

8.      Paragraph 8 of the Complaint contains legal conclusions concerning the alleged typicality of claims and damages, *i.e.*, a legal conclusion, and therefore no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 8 of the Complaint, and further denies that this action is appropriately maintained as a Class Action.

{V0385598.1}

2

FILED: NEW YORK COUNTY CLERK 03/07/2017 02:04 PM
NYSCEF DOC. NO. 2

INDEX NO. 151328/2017
RECEIVED NYSCEF: 03/07/2017

9.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore denies the allegations contained therein.

10.    Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.    Defendant denies the allegations contained in Paragraph 11 of the Complaint, including the allegations contained in every subsection thereto, and further denies that this action is appropriately maintained as a Class Action.

12.    Paragraph 12 of the Complaint states legal conclusions concerning the superiority of class action treatment to alternative forms of adjudication to which no responsive pleading is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 12 of the Complaint, and further denies that this action is appropriately maintained as a Class Action.

13.    Paragraph 13 of the Complaint states legal conclusions concerning the risk of inconsistent or varying adjudication to which no responsive pleading is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 13 of the Complaint, and further denies that this action is appropriately maintained as a Class Action.

14.    Defendant denies the allegations in Paragraph 14 of the Complaint, and further denies that this action is appropriately maintained as a Class Action.

15.    Defendant denies the allegations contained in Paragraph 15 of the Complaint, and further denies that this action is appropriately maintained as a Class Action.

## FACTS

16.    Defendant denies the allegations contained in Paragraph 16 of the Complaint, except that Plaintiff was employed by Defendant as a security professional.

{V0385598.1}

3

FILED: NEW YORK COUNTY CLERK 03/07/2017 02:04 PM          INDEX NO. 151328/2017
NYSCEF DOC. NO. 2                                          RECEIVED NYSCEF: 03/07/2017

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant admits that Plaintiff worked over 40 hours for Defendant during the week of August 8 to August 14, 2014 as alleged in Paragraph 20 of the Complaint. Defendant denies the remaining allegations in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint, and further denies that this action is appropriately maintained as a Class Action.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint, and further denies that this action is appropriately maintained as a Class Action.

### AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST DEFENDANT FOR NONPAYMENT OF WAGES IN VIOLATION OF THE NEW YORK LABOR LAW (On behalf of Plaintiff and the Class)

23.     In response to Paragraph 23 of the Complaint, Defendant hereby incorporates, repeats and re-alleges its answers to Paragraphs 1 through 22 of the Complaint as if set forth fully herein.

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.     Paragraph 25 of the Complaint states a legal conclusion, to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     Paragraph 26 of the Complaint states a legal conclusion, to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 26 of the Complaint.

{V0385598.1}                              4

FILED: NEW YORK COUNTY CLERK 03/07/2017 02:04 PM    INDEX NO. 151328/2017
NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 03/07/2017

27.    Paragraph 27 of the Complaint states a legal conclusion, to which no responsive pleading is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.    Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.    Defendant denies the allegations contained in Paragraph 29 of the Complaint, and further denies that this action is appropriately maintained as a Class Action.

30.    Defendant admits, in response to Paragraph 30 of the Complaint, that Plaintiff does not seek liquidated damages under the New York Labor Law but that he reserves the right to do so.  Defendant denies any further allegations contained in Paragraph 30 of the Complaint, and further denies that this action is appropriately maintained as a Class Action.

**AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION
AGAINST THE DEFENDANT FOR NONPAYMENT OF OVERTIME
IN VIOLATION OF THE NEW YORK LABOR LAW
(On behalf of Plaintiff and the Class)**

31.    In response to Paragraph 31 of the Complaint, Defendant hereby incorporates, repeats and re-alleges its answers to Paragraphs 1 through 30 of the Complaint as if set forth fully herein.

32.    Paragraph 32 of the Complaint states legal conclusions, for which no responsive pleading is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 32 of the Complaint, and further denies that this action is appropriately maintained as a Class Action.

33.    Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.    Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.    Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.    Defendant admits, in response to Paragraph 36 of the Complaint, that Plaintiff does

{V0385598.1}                                    5

FILED: NEW YORK COUNTY CLERK 03/07/2017 02:04 PM    INDEX NO. 151328/2017
NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 03/07/2017

not seek liquidated damages under the New York Labor Law but that he reserves the right to do so. Defendant denies any further allegations contained in Paragraph 36 of the Complaint, and further denies that this action is appropriately maintained as a Class Action.

**AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION
AGAINST THE DEFENDANT FOR THE IMPROPER CALCULATION
OF OVERTIME PAY IN VIOLATION OF THE NEW YORK LABOR LAW
(On behalf of Plaintiff and the Class)**

37.    In response to Paragraph 37 of the Complaint, Defendant hereby incorporates, repeats and re-alleges its answers to Paragraphs 1 through 36 of the Complaint as if set forth fully herein.

38.    Paragraph 38 of the Complaint states legal conclusions, for which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 38 of the Complaint, and further denies that this action is appropriately maintained as a Class Action.

39.    Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.    Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.    Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.    Defendant admits, in response to Paragraph 42 of the Complaint, that Plaintiff does not seek liquidated damages under the New York Labor Law but that he reserves the right to do so. Defendant denies any further allegations contained in Paragraph 42 of the Complaint, and further denies that this action is appropriately maintained as a Class Action.

{V0385598.1}                                    6

FILED: NEW YORK COUNTY CLERK 03/07/2017 02:04 PM

NYSCEF DOC. NO. 2

INDEX NO. 151328/2017

RECEIVED NYSCEF: 03/07/2017

## AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION
## AGAINST THE DEFENDANT FOR FAILURE TO PROVIDE ACCURATE
## WAGE STATEMENTS IN VIOLATION OF THE YORK LABOR LAW
### (On behalf of Plaintiff and the Class)

43.    In response to Paragraph 43 of the Complaint, Defendant hereby incorporates, repeats and re-alleges its answers to Paragraphs 1 through 42 of the Complaint as if set forth fully herein.

44.    Defendant denies the allegations contained in Paragraph 44 of the Complaint, and further denies that this action is appropriately maintained as a Class Action.

45.    Defendant denies the allegations contained in Paragraph 45 of the Complaint, and further denies that this action is appropriately maintained as a Class Action.

46.    Defendant denies the allegations contained in Paragraph 46 of the Complaint, and further denies that this action is appropriately maintained as a Class Action.

## AS TO PRAYER FOR RELIEF

Defendant denies that Plaintiff, and/or any member of any purported class, are entitled to any of the relief requested in the Section of Plaintiff's Complaint entitled "Prayer for Relief," including any demands for relief set forth in the "WHEREFORE" clause, inclusive of subparagraphs a. through f., thereof. Defendant further denies that it violated the New York Labor Law, or any other statutory or common law; denies that it engaged in any conduct which caused Plaintiff and/or any member of any purported class to suffer harm; and denies that Plaintiff and/or any member of any purported class is entitled to the relief prayed for in the Complaint.

## ADDITIONAL AVERMENTS

Defendant denies all claims and allegations not unequivocally admitted herein. Defendant further requests that this Court deny Plaintiff the relief sought and dismiss the Complaint in its entirety.

{V0385598.1}                              7

FILED: NEW YORK COUNTY CLERK 03/07/2017 02:04 PM    INDEX NO. 151328/2017
NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 03/07/2017

## AS AND FOR DEFENDANT'S DEFENSES
## AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint, and each claim purported to be alleged therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's and/or some or all of putative class members' claims are barred, in whole or in part, by the applicable statutes of limitations and/or governing administrative time limitations.

### THIRD DEFENSE

Plaintiff's and/or some or all of the putative class members' claims, are barred, in whole or in part, because they failed to comply with or exhaust administrative, internal, and/or statutory remedies and/or prerequisites for bringing their claims.

### FOURTH DEFENSE

To the extent Plaintiff and/or any of the putative class members have received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury.

### FIFTH DEFENSE

To the extent Plaintiff, or any members of the putative class have signed a release and/or waiver encompassing claims alleged in the Complaint, or a contractual waiver or agreement contrary to their claims herein, their claims are barred by that release, waiver, or agreement.

### SIXTH DEFENSE

The Complaint fails to state a claim upon which an award of punitive damages can be granted.

{V0385598.1}

8

FILED: NEW YORK COUNTY CLERK 03/07/2017 02:04 PM          INDEX NO. 151328/2017
NYSCEF DOC. NO. 2                                           RECEIVED NYSCEF: 03/07/2017

## SEVENTH DEFENSE

Plaintiff and the putative class members are not entitled to pre-judgment or post-judgment interest.

## EIGHTH DEFENSE

Plaintiff and the putative class members are not entitled to statutory damages and/or penalties under New York Law.

## NINTH DEFENSE

Plaintiff's claims and/or some or all of the putative class members' claims for costs, attorneys' fees, statutory damages, and possible future claims for liquidated damages, are barred in whole or in part because Defendant did not willfully violate New York Labor Law and/or it acted in good faith and with reasonable grounds to believe that its actions, as alleged, did not violate legal requirements and/or are barred for other reasons.

## TENTH DEFENSE

Plaintiff's claims, and the claims of those individuals he purports to represent, are preempted by Section 301 of the Labor Management Relations Act. 29 U.S.C.A. § 185.

## ELEVENTH DEFENSE

Plaintiff and the putative class members are not entitled to equitable relief insofar as they have an adequate remedy at law.

## TWELFTH DEFENSE

Plaintiff's claims and/or those of some or all of the putative class members are barred because any damages are the result of their own conduct.

{V0385598.1}

9

FILED: NEW YORK COUNTY CLERK 03/07/2017 02:04 PM    INDEX NO. 151328/2017
NYSCEF DOC. NO. 2                                      RECEIVED NYSCEF: 03/07/2017

### THIRTEENTH DEFENSE

Plaintiff and/or some or all of the putative class members were paid and received all monies to which they were entitled and, therefore, by accepting payments made to them, have effectuated an accord and satisfaction of their claims.

### FOURTEENTH DEFENSE

Plaintiff and the putative class members have failed to make reasonable efforts to mitigate their alleged damages, if any, as required by law.

### FIFTEENTH DEFENSE

Plaintiff and the putative class action members' claims are barred by the doctrine of res judicata and collateral estoppel.

### SIXTEENTH DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part, by the equitable doctrines of laches, unclean hands, estoppel, waiver, and/or avoidable consequences.

### SEVENTEENTH DEFENSE

Plaintiff and the putative class members' claims are barred in whole or in part by the doctrine of *de minimis non curat lex.*

### EIGHTEENTH DEFENSE

At all times material hereto, the actions of Defendant were justified under the circumstances, and at all times material hereto, Defendant acted in a manner that was proper, reasonable, and lawful, and in the exercise of good faith.

{V0385598.1}

10

FILED: NEW YORK COUNTY CLERK 03/07/2017 02:04 PM     INDEX NO. 151328/2017
NYSCEF DOC. NO. 2                                                RECEIVED NYSCEF: 03/07/2017

### NINETEENTH DEFENSE

With respect to some or all of the claims brought or allegedly brought by the Plaintiff on behalf of himself and/or on behalf of any putative class action, any act(s) and/or omission(s) that may be found to be in violation of the rights afforded by applicable law were not willful but occurred in good faith and with reasonable grounds for believing that they were in complete compliance with applicable law.

### TWENTIETH DEFENSE

Plaintiff's claims and/or those of the putative class members are barred, in whole or in part, because Defendant at all times acted in good faith to comply with the NYLL and had reasonable grounds for believing it was in compliance with the NYLL. Defendant asserts a lack of willfulness or intent to violate the NYLL as a defense to any future claim liquidated damages made by Plaintiff and/or some or all of the putative class members.

### TWENTY-FIRST DEFENSE

Plaintiff's claims and/or those of the putative class members are barred, in whole or in part, because Defendant relied upon and acted in good faith and in conformity with written regulations, orders rulings, approvals, and/or interpretations of the New York State Department of Labor, and/or any administrative practice or enforcement policy of the New York State Department of Labor.

### TWENTY-SECOND DEFENSE

Plaintiff is unable to meet the criteria necessary to maintain a class action pursuant to New York Civil Practice Law and Rules Section 901 and/or Fed. R. Civ. P. 23 or otherwise satisfy the requirements for class certification. Therefore, any and all allegations in the Complaint on behalf of other individuals must be stricken and dismissed.

FILED: NEW YORK COUNTY CLERK 03/07/2017 02:04 PM

NYSCEF DOC. NO. 2

INDEX NO. 151328/2017

RECEIVED NYSCEF: 03/07/2017

### TWENTY-THIRD DEFENSE

Plaintiff does not, and cannot fairly and adequately represent the interests of the purported class. Further, Plaintiff's claims are not similar, common, or typical to those of the alleged "class" members, and there is no basis in law or fact for a class action.

### TWENTY-FOURTH DEFENSE

Plaintiff's class allegations must be dismissed because an independent and individualized analysis of each putative class action member's claims and Defendant's defenses to such claims is required. Further, the class is unascertainable and the number of potential class members would be so numerous as to make joinder impracticable, and, therefore, Plaintiff's claims are not appropriate for class treatment.

### TWENTY-FIFTH DEFENSE

Plaintiff and/or some or all of the putative class members lack standing or are otherwise not entitled to bring, maintain, or participate in a class action under Article 9 of the New York Civil Practice Law and Rules.

### TWENTY-SIXTH DEFENSE

Even if Defendant violated any provision of the New York Labor Law, such violation was not pursuant to a uniform policy or plan and no liability exists and/or a class action cannot be maintained.

### TWENTY-SEVENTH DEFENSE

Plaintiff and/or the putative class action members are precluded from recovering any amounts from Defendant where Defendant paid Plaintiff or the putative class action members all sums legally due under the New York Minimum Wage Act, N.Y. Labor Law §§ 650 et seq., Article

{V0385598.1}

12

FILED: NEW YORK COUNTY CLERK 03/07/2017 02:04 PM          INDEX NO. 151328/2017

NYSCEF DOC. NO. 2                                         RECEIVED NYSCEF: 03/07/2017

6 of the New York Labor Law, N.Y. Labor Law §§ 190 et seq., and all of their implementing regulations (collectively "Applicable Law.")

### TWENTY-EIGHTH DEFENSE

Any future claim for liquidated damages is barred as: (1) Defendant and all of its officers, directors, managers, and agents acted in good faith and did not commit willful violation of Applicable Law; (2) Defendant and its officers, directors, managers, and agents did not authorize any such willful violation with respect to Plaintiff or any alleged member of any putative class action, the existence of which Defendant affirmatively denies; and (3) Plaintiff failed to plead facts sufficient to support recovery of such damages.

### TWENTY-NINTH DEFENSE

All affirmative defenses set forth in the New York Wage Theft Prevention Act including but not limited to Defendant having made complete and timely payment of all wages due.

### THIRTIETH DEFENSE

Defendant has complied with its obligations under the New York Labor Law, Article 6, § 190, et. seq.

### THIRTY-FIRST DEFENSE

Plaintiff and/or some or all of the putative class members are precluded from recovering any amounts from Defendant for failure to pay compensation for hours worked because such time was worked without manager knowledge or approval.

### THIRTY-SECOND DEFENSE

Plaintiff and the putative class members' claims are barred in whole or in part to the extent that the work performed falls within exclusions, exceptions, offsets or credits provided for in the New York Labor Law, and its implementing regulations.

{V0385598.1}                                    13

FILED: NEW YORK COUNTY CLERK 03/07/2017 02:04 PM

NYSCEF DOC. NO. 2

INDEX NO. 151328/2017

RECEIVED NYSCEF: 03/07/2017

## THIRTY-THIRD DEFENSE

Plaintiff and/or some or all of the putative class members unjustifiably failed to avail themselves of the policies and procedures for reporting work time or seeking remedy of complaints or alleged violations of Universal policy.

## THIRTY-FOURTH DEFENSE

Even if Defendant has, in fact, failed to pay Plaintiff and/or some or all of the putative class members for any of the activities alleged in Plaintiff's Complaint, such activities do not constitute compensable work under any applicable law or regulation, and furthermore, such activities were not an integral and indispensable part of Plaintiff's principal activities of employment and are not compensable.

## THIRTY-FIFTH DEFENSE

Plaintiff's and/or some or all of the putative class members' claims are barred in whole or in part as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to his/their principal activities or incidental to them.

## THIRTY-SIXTH DEFENSE

Plaintiff, and the individuals he purports to represent, were at all times provided with appropriate postings and notices pursuant to the New York Labor Law.

## THIRTY-SEVENTH DEFENSE

Defendant asserts all affirmative defenses provided by Section 195 of the New York Labor Law, and all statutory affirmative defenses to New York State record keeping requirements.

## THIRTY-EIGHTH DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff and/or some or all of the putative class members' claims are subject to mandatory, binding arbitration pursuant to an

{V0385598.1}

14

FILED: NEW YORK COUNTY CLERK 03/07/2017 02:04 PM

NYSCEF DOC. NO. 2

INDEX NO. 151328/2017

RECEIVED NYSCEF: 03/07/2017

arbitration agreement they signed in connection with their employment with Defendant. Defendant reserves its right to seek to compel individual arbitration, and also assert that some or all putative class members are, or may become, subject to arbitration agreements, and further reserves the right to compel these individuals to arbitrate their claims individually.

## THIRTY-NINTH DEFENSE

Defendant was not the employer of Plaintiff and/or some or all of the putative class members during the time period in question.

## OPPOSITION TO CLASS TREATMENT

Defendant opposes class certification and disputes the propriety of class treatment. If the Court certifies a class in this case over Defendant's objections, then Defendant asserts the affirmative defenses set forth herein against each and every member of the certified class.

## RESERVATION OF RIGHTS

Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that might be applicable to this action. Accordingly, Defendant reserves the right to assert such additional defenses that may appear and approve applicable during the course of this action.

{V0385598.1}

15

FILED: NEW YORK COUNTY CLERK 03/07/2017 02:04 PM    INDEX NO. 151328/2017
NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 03/07/2017

**WHEREFORE**, having fully answered the Complaint, Defendant respectfully requests that the Court issue an Order dismissing the Complaint in its entirety with prejudice, granting judgment in favor of Defendant, awarding costs, including attorneys' fees, to Defendant, and granting such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
      March 7, 2017

Respectfully Submitted,

Eckert Seamans Cherin & Mellott, LLC

By: _____
     Riyaz G. Bhimani
Eckert Seamans Cherin & Mellott, LLC
10 Bank Street, Suite 700
White Plains, New York 10606
(914) 949-2909
rbhimani@eckertseamans.com

and

Elizabeth Bulat Turner, Esq.*
Alexander W. Simon, Esq.*
*Pro Hac Vice Motions Forthcoming*
Martenson, Hartenson, Hasbrouck, & Simon LLP
3379 Peachtree Road, N.E., Suite 400
Atlanta, Georgia 30326
(404) 909-8100
(404) 909-8120 (facsimile)

*Attorneys for Defendant*
*Universal Protection Service, LLC*

To:    Louis Ginsberg, Esq.
      The Law Firm of Louis Ginsberg, P.C.
      1613 Northern Boulevard
      Roslyn, New York 11578
      (516) 625-0105, ext. 18

      *Attorneys for Plaintiff*

{V0385598.1}          16

FILED: NEW YORK COUNTY CLERK 03/07/2017 02:04 PM

NYSCEF DOC. NO. 2

INDEX NO. 151328/2017

RECEIVED NYSCEF: 03/07/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

RAFFICK MOHAMMED, on behalf of himself and all others
similarly situated,

Index No. 151328/2017

Plaintiff,

-against-

UNIVERSAL PROTECTION SERVICE, LLC,

Defendant.

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
*Attorneys for Defendant*
**UNIVERSAL PROTECTION SERVICE, LLC,**
**10 Bank Street, Suite 700**
**White Plains, New York 10606**
**(914) 949-2909**
**Fax (914) 949-5424**

FILED: NEW YORK COUNTY CLERK 03/07/2017 02:04 PM

NYSCEF DOC. NO. 3

INDEX NO. 151328/2017

RECEIVED NYSCEF: 03/07/2017

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        :

                                      : ss:

COUNTY OF WESTCHESTER    :

       Yanitza Wilburn, being duly sworn, deposes and says: deponent is not a party to this action, is over 18 years of age and resides in Fairfield County, Connecticut.

       On March 7, 2017, deponent served the within **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** upon:

Louis Ginsberg, Esq.
The Law Firm of Louis Ginsberg, P.C.
1613 Northern Boulevard
Roslyn, New York 11578
*Attorneys for Plaintiff*

**XX**     By depositing a true copy thereof in a post-paid wrapper, in an official depository under the care and custody of the United States Postal Service within the State of New York.

_____
Yanitza Wilburn

Sworn to before me this 7th day of March, 2017.

_____
Magdalena Fernandez
NOTARY PUBLIC, State of New York
No. 01FE6224970
Qualified in Westchester County
Commission Expires: July 19, 2018

{V0385961.1}

**Riyaz Bhimani**

| | |
|---|---|
| **From:** | Tina Wade-Lucas <twade@nycourts.gov> |
| **Sent:** | Friday, March 10, 2017 3:43 PM |
| **To:** | Riyaz Bhimani; lg@louisginsberglawoffices.com |
| **Subject:** | RE: 151328/2017 Raffick Mohammed - v. - Universal Protection Service, LLC |

# *** AUTOMATED NOTICE***
# <u>DO NOT  E-MAIL SENDER</u>
## INSTEAD CONTACT: 646-386-3746

<u>Preliminary Conference:</u> A preliminary conference will be held before the
Hon. Gerald Lebovits on April 19, 2017 at 11:00 AM
Part 7   Room 731   646-386-3746
111 Centre St., New York, N.Y. 10013.

ONLY COUNSEL FULLY FAMILIAR WITH AND AUTHORIZED TO SETTLE, STIPULATE,
OR DISPOSE OF ACTIONS SHALL APPEAR AT THE CONFERENCE.

<u>Mandatory Notification:</u> The party who receives a copy of this notice shall transmit a copy to
counsel for all parties who have appeared in the case and to all self-represented litigants by mail
or electronics means and bring proof of such notification to said conference.

CONSULT THE PART RULES AT THIS TIME; COUNSEL ARE EXPECTED TO BE FAMILIAR WITH
THE RULES AND FOLLOW THEM.

http://www.nycourts.gov/courts/1jd/supctmanh/